UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:14-CV-21252-MORENO

STEPHEN LARGESS, et al.,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

U.S. BANK N.A., et al.,

        Defendants.
_____/

## ORDER GRANTING FINAL
## APPROVAL TO CLASS ACTION SETTLEMENT

On December 8, 2015, this Court granted preliminary approval to the proposed class action settlement set forth in the Stipulation and Settlement Agreement[1] (the "Settlement Agreement") between Plaintiffs Philip Jackson, Stephen Largess, Francisco de la Terga, Jacqueline Barnard, Dennis Sherman, and Stacey Payton ("Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Defendants U.S. Bank National Association ("U.S. Bank"), American Security Insurance Company ("ASIC"), Standard Guaranty Insurance Company ("SGIC"), and Voyager Indemnity Insurance Company ("VIIC") (ASIC, SGIC, and VIIC are collectively referred to herein as the "Assurant Defendants") (U.S. Bank and

---

[1] The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Final Order, and, unless otherwise indicated in this Final Order, capitalized terms in this Final Order shall have the meanings attributed to them in the Settlement Agreement.

1

the Assurant Defendants are collectively referred to herein as the "Defendants").[2] The Court also provisionally certified the Settlement Class[3] for settlement purposes, approved the procedure for giving Class Notice[3] to the members of the Settlement Class, and set a Fairness Hearing[4] to take place on May 12, 2016. The Court finds that the Class Notice substantially in the form approved by the Court in its preliminary approval order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On August 30, 2016, the Court held a duly noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiffs' amended complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class Members[5] herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award Attorneys' Fees and Costs[6] to Class Counsel[7] for the

---

[2] "Party" or "Parties" means Named Plaintiffs and Defendants in the Litigation. "Party" refers to any one of the Named Plaintiffs or Defendants. "Parties" refers to all of the Named Plaintiffs and Defendants.

[3] The "Settlement Class" is defined in Paragraph 4 below.

[4] "Class Notice" or "Notice" means the program of notice described in Section 6 of the Settlement Agreement to be provided to potential Settlement Class Members, including the Mail Notice, Settlement Website, Summary Publication Notice, and Internet advertising, which will notify potential Settlement Class Members, among other things, about their rights to opt out or object to the Settlement, the preliminary approval of the Settlement, the manner by which to submit a Claim, and the scheduling of the Fairness Hearing.

[5] "Settlement Class Member" means any member of the Settlement Class.

[6] "Attorneys' Fees and Costs" means such funds as may be awarded to Class Counsel to compensate them (and all other attorneys for Named Plaintiffs or the Settlement Class) for their fees, costs, and all expenses incurred by Named Plaintiffs or Class Counsel (and all other attorneys for Named Plaintiffs or the Settlement Class) in connection with the Jackson Litigation.

Settlement Class and whether and in what amount to award a Case Contribution Award[8] to the Named Plaintiffs.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Jackson Litigation" or the "Action") and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after the Parties negotiated over a period of many weeks. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Named Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement

---

[7] "Class Counsel" means the law firms of Kozyak Tropin & Throckmorton LLP, Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP, as addressed in Paragraph 5 below.

[8] "Case Contribution Award" means compensation for the Named Plaintiffs for their endeavor on behalf of the Settlement Class.

3

Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

   4.  Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of the following:

> All borrowers in the United States who, within the Class Period (as defined below), were charged by U.S. Bank under a hazard, flood, flood gap or wind-only LPI Policy$^9$ for Residential Property,$^{10}$ and who, within the Class Period, either (i) paid to U.S. Bank the Net Premium$^{11}$ for that LPI Policy or (ii) did not pay to and still owe U.S. Bank the Net Premium for that LPI Policy. Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of the Defendants in the Action or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower's escrow account; (iv) borrowers who are members of any of the classes in *Stephen Ellsworth v. U.S. Bank, N.A. et al.*; Case No. 3:12-CV-02506-LB, in the United States District Court for the Northern District of California and, (v) all borrowers who file a timely and proper request to be excluded from the Class.

The "Class Period" shall commence on April 8, 2009, and shall continue through and

---

[9] "LPI Policy" or "LPI Policies" means a lender-placed residential hazard, flood, flood gap, or wind-only insurance policy or policies issued by, or at the direction of, ASIC, SGIC, or VIIC, and placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced and/or owned by U.S. Bank to cover a borrower's failure to maintain the required insurance coverage on the Residential Property securing the loan.

[10] Residential Property" shall include any property on which an LPI Policy was placed for which the borrower (i) submitted a Uniform Residential Loan Application or similar paper or electronic application form, or (ii) uses, used, or rented all or any part of the property as a primary or secondary residence.

[11] "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Settlement Class Period less any refund paid or credited to the Settlement Class Member.

4

including June 30, 2015.

5. The Court finally appoints the law firms of Kozyak, Tropin, & Throckmorton, LLP, Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP as Class Counsel for the Settlement Class.

6. The Court finally designates Named Plaintiffs Philip Jackson, Stephen Largess, Francisco de la Terga, Jacqueline Barnard, Dennis Sherman, and Stacey Payton as the Class Representatives.

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the distribution of the Mail Notice, Internet advertising, the creation of the IVR toll-free telephone number system, and creation of the Internet site, all as provided for in the Settlement Agreement and Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law. The Parties have complied with their notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement.

(b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order (i) constitute the most effective and practicable notice of the Final Order, the relief available to Settlement Class

Members pursuant to the Final Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8. Notice was provided to approximately 139,026 class members, as well as all of the required state and federal authorities under CAFA. The response has been overwhelmingly positive, with only a single objection filed by Mr. Christopher Bandas on behalf of class member Mitchell Dunham. (D.E. 133.) That objection has been withdrawn. (D.E. 153.) The Court hereby approves this withdrawal.

9. Class Counsel's proposed fees-and-costs award also falls well within the range set by the Eleventh Circuit. "[F]ederal district courts across the country have, in the class action settlement context, *routinely* awarded class counsel fees in excess of the 25 percent 'benchmark,' even in so-called 'mega-fund' cases." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1210 (S.D. Fla. 2006) (emphasis added; awarding fees of 31½% of settlement fund). The proposed $5 million fee amounts to just 17.8% of the total monetary relief made available to the nationwide class, and even less when the value of the settlement's injunctive relief is taken into account.

10. District courts should also account for the considerable economic risks undertaken by class counsel in litigating class actions, "which are often exacerbated by the existence of competing parallel proceedings in other courts, which may reach settlement or certification first, and the considerable amount of labor that is usually undertaken to litigate a class action to resolution." *Wilson v. Everbank*, No. 14-cv-22264, 2016 WL 457011, at *19 (S.D. Fla. Feb. 3, 2016). "This is particularly the case when the law firms prosecuting the case are of small size, as

they are here, and thus the time devoted to the class action precludes other employment." *Gordon v. Pub. Storage,* 1:14-cv-21559-UU (S.D. Fla.) [D.E. 407] at 21 (citation omitted). As Judge Ungaro recently observed, other district courts within this Circuit have found that this measure of risk supports fee awards exceeding 30%. *See id.* at 21-22 (citations omitted) (approving 33% fee award). Here, Class Counsel seeks an award of just 17.8% of the monetary relief made available to the class. "Taken together, these considerations render the Eleventh Circuit's approach sound and equitable." *Wilson,* 2016 WL 457011, at *19.

11. The Settlement Agreement is finally approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

12. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

13. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel for the Settlement Class Attorneys' Fees and Costs in the amount of $5,000,000, payable pursuant to the terms of the Settlement Agreement. The Court also awards Case Contribution Awards in the amount of $5,000 each to Named Plaintiffs Philip Jackson, Stephen Largess, Francisco de la Terga, Jacqueline Barnard, Dennis Sherman, and Stacey Payton payable pursuant to the terms of the Settlement Agreement.

14. The terms of the Settlement Agreement and of this Final Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Named Plaintiffs and all other Settlement Class Members, as well as their family members, heirs,

guardians, assigns, executors, administrators, predecessors, successors, and assigns.

15. The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order; and the Released Persons (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) <u>Release and Waiver Definitions</u>

(i) "U.S. Bank" means U.S. Bank National Association and its predecessors and successors.

(ii) "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

(iii) "Assurant Defendants" means ASIC, SGIC, and VIIC, and their predecessors and successors.

(iv) "Defendants" means all named defendants in the Jackson Litigation, including U.S. Bank and the Assurant Defendants.

(v) "Lender-Placed Insurance" or "LPI" means the placement of hazard, flood, flood gap, and/or wind insurance pursuant to a mortgage loan agreement, serviced and/or owned by U.S. Bank to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

(vi) "LPI Policy" or "LPI Policies" means a lender-placed residential hazard, flood, flood gap, or wind-only insurance policy or policies issued by, or at the direction of, ASIC, SGIC, or VIIC, and placed pursuant to a mortgage loan agreement, home equity loan

8

agreement, or home equity line of credit serviced and/or owned by U.S. Bank to cover a borrower's failure to maintain the required insurance coverage on the Residential Property securing the loan.

(vii) "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons.

(viii) "Released Claims" means any and all claims and causes of action arising out of the Jackson Litigation, the facts and circumstances that were or could have been alleged in the Jackson Litigation, U.S. Bank's insurance requirements as they relate to LPI, the placement of LPI, disclosures or nondisclosures relating to LPI, and the assessment and collections of charges for LPI; Released Claims shall include all such claims accruing on or before the Final Settlement Date,[12] whether such claims are known or unknown, suspected or unsuspected, contingent or matured. Released Claims also includes actions, causes of action, law suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to Paragraph 12 of this Final Order.

(ix) "Released Persons" means U.S. Bank, Assurant, Inc., ASIC, SGIC, VIIC, any other insurance carrier that issued or may have issued an LPI Policy, any mortgage securitization trust, or any trustee of a mortgage securitization trust, or any investor of a mortgage securitization trust which held or included loans made to any class members, and all of their

---

[12] "Final Settlement Date" means the date on which the Judgment in this case becomes final in the Action. For purposes of the Settlement Agreement: (a) if no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired; or (b) if any appeal has been taken from the Judgment, the Final Settlement Date means the date on which all appeals there from, including petitions for rehearing, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Judgment.

9

respective past, present, and future divisions, parents, subsidiaries, parent companies, and affiliated companies with respect to the period of time such affiliates were controlled by, or under common control with, a Released Person, including but not limited to any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, insurers, representatives, predecessors, successors and assigns, and attorneys of all such entities.

(x)  "Releasing Persons" means Named Plaintiffs and all Settlement Class Members, and their respective family members, heirs, administrators, successors, and assigns.

(b)  Released Claims. Upon the Final Settlement Date, the Releasing Persons shall, by operation of the final judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Settlement Class Member may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Jackson Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning U.S. Bank's placement, or the Assurant Defendants' issuance or direction of issuance, of LPI Policies during the Settlement Class Period, including but not limited to the Released Claims, and to conduct, policies or practices concerning LPI Policies or to charges for U.S. Bank's Placement of LPI Policies during the Settlement Class Period. In agreeing to this Release, Named Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present

10

losses may have been underestimated in amount or severity.

(i) The Release stated in Paragraph 19(b) shall include, but not be limited to, all claims related to any LPI Policy placement; all claims related to U.S. Bank's insurance requirements as they relate to LPI; the relationship, whether contractual or otherwise, between U.S. Bank and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by U.S. Bank; the payment or receipt of commissions, income or benefits relating to reinsurance agreements, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by U.S. Bank; any alleged "tying" arrangement involving U.S. Bank and LPI; any alleged breach of contract, breach of an implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, or any other alleged breach of any common law duty or obligation or any alleged violation of any federal or state statute or regulation, by U.S. Bank concerning LPI Policies; any alleged tortious interference by the Assurant Defendants with mortgage loans serviced and/or owned by U.S. Bank; the disclosure or non-disclosure of any payment, expenses, fees, charges, or features pertaining to or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by U.S. Bank; the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by U.S. Bank; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by U.S. Bank; and to the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by U.S. Bank.

(ii) The Release in Paragraph 15(b) shall not cover claims arising after the close of the Settlement Class Period, nor insurance claims for losses relating to properties insured under any LPI Policy placed or charged for by U.S. Bank. Nothing in Paragraph 19(b) shall be deemed a release of any Settlement Class Member's respective rights and obligations arising under the Settlement Agreement. Further, nothing in Paragraph 19(b) or any other

provision of the Settlement Agreement shall be deemed a release of any claims by borrowers who were charged for LPI that was purchased or placed by mortgage servicers other than U.S. Bank.

          (iii)    Except to the extent that any such obligation is being released pursuant to Paragraph 15(b), the Settlement Agreement shall not release Defendants from any existing obligation to any Settlement Class Member under any loan, note, mortgage, deed of trust, or other security instrument. This provision is not meant to and does not limit the Release in Paragraph 15(b).

          (c)    The Named Plaintiffs and Class Counsel further represent that there are no outstanding liens or claims against the Jackson Litigation, it being recognized that the Named Plaintiffs will solely be charged with the responsibility to satisfy any other liens or claims asserted against the Jackson Litigation

          (d)    Without in any way limiting their scope, these Releases cover not only claims for amounts charged for LPI Premiums but also, by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, the Named Plaintiffs, or any Settlement Class Members in connection with or related in any manner to the Jackson Litigation, the *Barnard* lawsuit,[13] the settlement of the Jackson Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Settlement Agreement.

          (e)    In connection with the foregoing Releases, the Releasing Persons shall be deemed, as of the entry of the Final Judgment, to have waived any and all provisions, rights,

---

[13] On October 5, 2015, Plaintiffs filed a First Amended Complaint adding the claims of Plaintiffs Francisco de la Terga, Jacqueline Barnard, Dennis Sherman, and Stacey Payton, adding VIIC as a defendant, and conforming the definition of the Class therein to that appearing in Paragraph 4 above. Plaintiffs Bernard, Sherman, and Payton agreed to dismiss their concurrent action styled *Jacqueline Barnard et al. v. US Bank, N.A. et al*; Civil Action No. 1:15-cv-0008-SSB-KLL, in and for the United States District Court for the Southern District of Ohio. The stipulation of dismissal was filed on September 28, 2015.

12

benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Settlement Agreement—the Named Plaintiffs hereby agree, and each Settlement Class Member will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. The Named Plaintiffs recognize, and each Settlement Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the final judgment, they fully, finally, and forever settle and release any and all claims covered by these Releases. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

(f) The Releases were bargained for and are a material element of the Settlement Agreement.

(g) The Releases do not affect the rights of persons who fall within the definition of the Settlement Class who timely and properly submitted a Request for Exclusion from the Settlement in accordance with the requirements of the Preliminary Approval Order and in Section 11 of the Settlement Agreement.

(h) The administration and consummation of the Settlement as embodied in the

Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement and this Final Order. The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement and this Final Order.

(i) Upon issuance of the final judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (iii) Settlement Class Members shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who requested to be excluded from the Settlement Class, for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

(j) Nothing in the Settlement Agreement and Releases shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth in the Settlement Agreement and this Final Order are not intended to include the release of any rights or duties of the Parties arising out of the

Settlement Agreement or this Final Order, including the express warranties and covenants contained therein.

16. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, nor this Final Order, nor any of its terms and provisions, nor the final judgment to be entered pursuant to this Final Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against the Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Jackson Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b) offered by any person or received against the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants or any other wrongdoing by the Defendants;

(c) offered by any person or received against the Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d) offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever,

other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or the Final Order, or the final judgment to be entered pursuant to this Final Order.

17. This Final Order, the final judgment to be entered pursuant to this Final Order, and the Settlement Agreement (including the exhibits thereto) may be filed in any action that may be brought against them in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

18. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

19. This Final Order, and the final judgment to be entered pursuant to this Final Order, shall be effective upon entry. In the event that the Final Order and the final judgment to be entered pursuant to this Final Order are reversed or vacated pursuant to a direct appeal in this Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

20. A final judgment will be entered forthwith.

DONE and ORDERED in Chambers in Miami, Florida, this \_\_30\_\_ day of August, 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record